FILED
APR 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

____ FILED    ____ ENTERED
____ LODGED   ____ RECEIVED

APR 19 2006

AT GREENBELT
DISTRICT COURT

| | | |
|---|---|---|
| JOHN MITCHELL, | * | |
| Plaintiff, | * | |
| v. | * | CASE NUMBER 1:06CV00791 |
| | | JUDGE: John D. Bates |
| BRUCE R. JAMES, | * | DECK TYPE: Employment Discrimination |
| Defendant. | * | DATE STAMP: 04/  /2006 |
| | ***** | |

## ORDER

Currently pending before the Court is Defendant's Motion to Dismiss or Transfer [7]. Plaintiff opposes dismissal of this suit, but has agreed to transfer this case to the District of Columbia. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004).

This Complaint arises under Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621 to 634. Similar to other federal anti-discrimination statues, the ADEA has a unique venue provision and provides:

> Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

29 U.S.C. § 626(c) (2006).

Defendant argues that venue is not proper in this case because Plaintiff has failed to show that this suit meets any of the conditions of Title VII's venue requirements. The ADEA does not contain the same venue provisions as Title VII. Rather, the ADEA permits a plaintiff to bring suit in the jurisdiction in which he resides. The ADEA also permits a plaintiff to bring suit under its provisions: (i) where the defendant resides or (ii) where the cause of action arose. *See* 29 U.S.C. §

626(c); *see also Benton v. England,* 222 F. Supp. 2d 728, 731 (D. Md. 2002). As Plaintiff lives in Maryland and as he has brought this action under the ADEA, not Title VII, venue is proper in the District of Maryland.

Having found that venue is proper, this Court must next consider whether it should exercise its discretion and transfer this case, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). In particular, in deciding whether to transfer a suit to another jurisdiction, a court must consider: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties, and (4) the interest of justice. *See, e.g., Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F. Supp. 2d 852, 856 (D. Md. 2005).

Although a court will show deference to a plaintiff's choice of forum, a court need not accord the choice as much weight when the "forum has no connection with the matter in controversy." *Dicken v. U.S.,* 862 F. Supp. 91, 92 (D. Md. 1994)(quoting *Mims v. Proctor & Gamble Distrib. Co.,* 257 F. Supp. 648, 657 (D.S.C. 1966)). In this case, the Court notes that none of the events occurred in Maryland. In light of this fact, Plaintiff's choice of forum is entitled to only limited deference. In addition, the remaining factors all weigh in favor of transferring this matter. Witnesses for both the Plaintiff and Defendant remain employed in the District of Columbia. Most of the pertinent records are located in the District of Columbia, and it appears that the District would serve as a more convenient forum for this dispute. As a result, transferring this action to that forum would serve the

interests of justice. For this and the aforementioned reasons, IT IS this 18th day of April, 2006, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendant's Motion to Dismiss or to Transfer [7] BE, and hereby IS, **GRANTED**;

2. That the case BE, and the hereby IS, **TRANSFERRED** to the United States District Court for the District of Columbia;

3. That the Clerk of the Court **CLOSE** this case; AND

4. That the Clerk of the Court transmit copies of this Order to all counsel of record.

*Alexander Williams, Jr.*
Alexander Williams, Jr.
United States District Judge

I hereby attest and certify on April 20, 2006 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

3