AW 06 CV 0012



## U.S. GOVERNMENT
## PRINTING OFFICE
### KEEPING AMERICA INFORMED

**Nadine L. Elzy**
Director, Equal Employment Opportunity Office

OCT 2 4 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

FILED
LODGED          ENTERED
                RECEIVED

JAN - 4 2006

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                          DEPUTY

Mr. John T. Mitchell
9875 Hope Road
White Plains, MD   20695

GPO Case No:    04-19
EEOC No:        100-2005-00669X

Dear Mr. Mitchell:

Under the authority vested in me by the rules and
regulations of the Government Printing Office and the Equal
Employment Opportunity Commission, I am issuing a final
order on the above referenced complaint.

On September 19, 2005, the Administrative Judge (AJ)
rendered a decision on your complaint without a hearing, in
accordance with 29 C.F.R. §1614.109(g). The decision
concluded that summary judgment in favor of the Agency was
appropriate. I have reviewed the decision and have
determined that the Government Printing Office will fully
implement the decision of the AJ.

AW 06 CV 0 012

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSIONED**  \_\_\_\_\_ENTERED
**WASHINGTON FIELD OFFICE**  \_\_\_\_\_LODGED \_\_\_\_\_RECEIVED
1801 L Street, N.W., Suite 200
Washington, D.C. 20005

JAN - 4 2006

AT _____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| John T. Mitchell, <br>     Complainant, | ) EEOC No. 100-2005-00669X    DEPUTY <br> ) Agency No. 04-19 <br> ) |
|          v. | ) <br> ) <br> ) |
| Bruce R. James, <br> Public Printer, <br> Government Printing Office, <br>     Agency. | ) <br> ) <br> ) <br> ) <br> ) |
| | )   Date:   September 19, 2005 <br> ) |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision judgment in the above-captioned matter is hereby entered. A Notice to the Parties explaining their appeal rights is attached to the Decision.

This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval by calling Kimberly Byrd at (202) 419-0705. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes it shall be presumed that the parties received the foregoing Decision within five (5) business days after the date they were sent via first class mail.

It is so ORDERED.

Vance Ted Henry
Administrative Judge
(202) 419-0717
(202) 419-0701 FAX

To:

**Mr. John T. Mitchell**
**9875 Hope Road**
**White Plains, MD  20695**

**Ms. Jennifer R. Seifert, Esq.**
**Deputy General Counsel**
**OGC - Stop GC**
**U.S. G.P.O.**
**732 N. Capitol Street, NW**
**WDC 20401**

**2-512-0036**
**(202) 512-0076 FAX**

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
#### Washington Field Office
#### 1801 L Street, N.W., Suite 200
#### Washington, D.C. 20005

| | |
|---|---|
| John T. Mitchell,<br>    Complainant,<br><br>                      v.<br><br>Bruce R. James,<br>Public Printer,<br>Government Printing Office,<br>    Agency. | ) EEOC No. 100-2005-00669X<br>) Agency No. 04-19<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Date:   September 19, 2005 |

## DECISION

      This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2000).  This office issued an Acknowledgment Order on June 23, 2005.[1]  The Agency filed its Agency Motion for Summary Judgment on August 26, 2005 (Agency Motion).  Complainant filed his Reply to Agency's Motion for Summary Judgment on March 14, 2005 (Complainant's Reply).

## ISSUE

      The issue is whether the Agency discriminated against Complainant because of his age (44) when he was not selected for the position of Electrician Leader, advertised in Vacancy Announcement (VA) No. 03-227.

      *Report of Investigation (ROI)* at 1.

      Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  I find that the agency did not discriminate against Complainant.

---

[1] On July 13, 2005, this Administrative Judge (AJ) Granted the Agency's request that Mr. Mitchell's complaint be consolidated with that of Mr. Ronald Hibbard, EEOC No. 100-2005-00658X.  In the interim, Mr. Hibbard requested and I Ordered that his complaint be withdrawn from the administrative hearings process and returned to the Agency for a Final Agency Decision.  Therefore, the merits of Mr. Hibbard's complaint received no consideration in the writing of this decision.

## ANALYSIS

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing. Summary judgment in favor of the Agency is therefore appropriate for the reasons stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The Agency Motion correctly indicates that Complainant failed to rebut the Agency's articulated, non-discriminatory reasons for its actions, e.g., at the time of the selection, Complainant had a verbal warning on his 7B card (a card used by supervisors to track various aspects of an employees work record, including but not limited to, corrective actions) for an altercation with a Human Relations Specialist.[2] *Agency Motion* 2. The Selecting Official (SO) considered this incident in making his selection and, in light of the VA's Knowledge, Skills and Abilities element requiring the "ability to communicate effectively," concluded that Complainant generally does not conduct himself in a professional manner with either his coworkers or the staff throughout the Agency. *Id.* Finally, the selectee had no evidence of any corrective action history at the time of his selection and the SO articulated legitimate, non-discriminatory reasons for his selection, i.e., he worked in a timely manner and had "better practical skills in the equipment he was working on." *Id.* at 3.

---

[2] When Complainant was not referred for a position under another VA, he apparently loudly and belligerently confronted the Human Relations Specialist and referred to her as "little miss dummy." *ROI* at Tabs 6, 8.

-2-

Complainant has failed to set forth adequate material evidentiary facts that support his allegations of discrimination. Conclusory assertions that the agency's intention(s) and motivation(s) questionable or that they produced results with which Complainant disagrees are not enough to withstand a summary judgment motion. *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365(4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant's claim that he was discrimina against because of his age. Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

**Varice F. Henry**
**Administrative Judge**

-3-

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

-4-

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

1 AW 06 CV 0012

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| John Doe | |

John T. Mitchell
9875 Hope Acres Rd.
White Plains, MD  20695

Bruce R. James
Public Printer
U.S. Government Printing Office

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

ENTERED
LODGED          RECEIVED

JAN - 4 2006

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND                    DEPUTY

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☒ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

Under **LABOR** column:
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

Under **FORFEITURE/PENALTY** column:
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
      UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

John T. Mitchell

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____ _FILED_ _____ _ENTERED_
_____ _LODGED_ _ _____RECEIVED_

JAN - 4 2006

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

John T. Mitchell

9875 Hope Acres Rd.

White Plains, MD  20695

301-932-1422

(Full name and address of the plaintiff)

    v.

Bruce R. James

Public Printer

U.S. Government Printing Office

Washington, D.C.

(Full name and address of the defendant(s))

**AW 06 CV 0012**

Civil Action No. _____
(Leave blank.  To be filled in by Court.)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.  Plaintiff is a resident of   White Plains, Maryland                    .
            (Fill in county or city and state of residence)

2.  Defendant(s) reside(s) or does business at the following location:  Washington, D.C.

_____.

3.  This action is brought pursuant to (check all spaces that apply):

    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*,
    for employment discrimination on the basis of race, color, religion, sex, or national
    origin.

☒   Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et*
    *seq.*, for employment discrimination on the basis of age.  My date of birth is:
         November 28, 1946                    .

Rev. 6/2000

Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

4.    I am complaining about (check all that apply):

Failure to hire me.  I was refused a job on the following date: _____

_____.

Termination of my employment.  I was terminated from my employment on the

following date: _____.

[X]    Failure to promote me.  I was refused a promotion on the following date:

February 2004 _____.

Other (explain what happened): _____

_____

_____

5.    The conduct of Defendant(s) was discriminatory because it was based on (check all that apply):

race    color    religion    sex  [X] age    national origin    disability

6.    The facts of my claim are: The EEOC Law Judge did not read the material at

hand.  Also, under Issue they claimed my age is 44, but my real age at that time

was 58.    The main issue of why the Law Judge threw out my complaint was what was

on my 7-B card. I asked GPO and others how can this be since the charges on my 7-B

card are falsely accused.  First, I was charged with unauthorized entrance!  How

Rev. 6/2000                    2

can this be since the receptionist went into the office to talk to Ms. Kaptur and

then Ms. Kaptur came out and brought me back to her desk. (?)  Next, they said I

was loud and abusive.  There is no mention of this in any way on the written report except Ginger Thompson put in paperwork <u>nine months after the fact</u> because of a <u>grievance</u> I put in. Also, the lawyer for GPO who was handling the case also accused me of cursing in a written response to the Judge.  There was no report done at the time of the incident concerning this allegation.  Next, there is age discrimination in the GPO Electric Shop since no one under the age of 50 has ever been promoted in the shop.  Also, they did not take Smith v. City of Jackson No. 03-1160 into consideration.

    7.   The approximate number of people employed by Defendant is: _____.

    8.   The events I am complaining about took place on the following dates or time period:

            February 2004

    9.   I filed charges on the following date: __March 2004_____, with:

       [X]   Equal Employment Opportunity Commission (EEOC)   EEOC No. 100-2005-00669X
                                                  Agency No. 04-19

            Maryland Human Relations Commission

            Other (give name of agency and location): _____

    10.   I received a right to sue letter (attach copy) on the following date: _____

    WHEREFORE, Plaintiff asks the Court to grant such relief as may be appropriate, including but not limited to (check all that apply):

       Injunctive relief (specify what you want the Court to order): _____

Rev. 6/2000            3

_____.

[X] Back pay.

Reinstatement to my former position.

[X] Monetary damages in the amount of: __2 million dollars_____.

Costs and attorneys fees.

Other (specify): _____

_____.

_January 3, 2006_
(Date)

_John T. Mitchell_
(Signature)

John T. Mitchell
_____

9875 Hope Acres Rd.
_____

White Plains, MD   20695
_____

301-932-1422
_____
(Printed name, address and phone number of
Plaintiff)

Rev. 6/2000                              4