# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. AW-06-0012 |
| BRUCE R. JAMES, Public Printer, U.S. Government Printing Office | ) |
| Defendant. | ) |

## MOTION TO DISMISS[1] OR TO TRANSFER

Defendant, Bruce R. James, Public Printer, United States Government Printing Office, by Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jennifer A. Wright, Assistant United States Attorney for said District, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), to dismiss or transfer plaintiff's Complaint. In support thereof, Defendant states:

Plaintiff cannot meet his burden to show that venue is proper in Maryland under Title VII's special venue statute, 42 U.S.C. 2000e-5(f)(3), because: (a) all of the allegedly unlawful employment practices to which plaintiff's Complaint relates took place in Washington, DC; (b) the records of the personnel decision that plaintiff alleges were discriminatory are maintained in Washington, DC; (c) any of plaintiff's relevant employment records are maintained and administered in Washington; (d) plaintiff does not allege she was denied employment in Maryland because of the allegedly unlawful

---

[1] Defendant reserves the right to raise additional defenses to this Complaint once the Complaint is transferred to the appropriate venue.

employment practices; and (e) the Secretary of the Navy's principal office is located at the Pentagon, in Arlington, Virginia.

Additional grounds supporting this Motion are set forth in the accompanying memorandum of law, which is incorporated herein.

WHEREFORE, Defendant respectfully requests that this Court dismiss the action pursuant to 28 U.S.C. § 1406(a).

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

                _____/s/_____
                Jennifer A. Wright
                Assistant United States Attorney
                Federal Bar No. 26465
                36 South Charles Street, 4th Floor
                Baltimore, MD 21201-2692
                (410) 209-4948 (phone)
                (410) 962-9947

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN MITCHELL, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. AW-06-0012 |
| BRUCE R. JAMES, Public Printer, ) U.S. Government Printing Office ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS OR TO TRANSFER

Defendant, Bruce R. James, Public Printer, United States Government Printing Office, by Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jennifer A. Wright, Assistant United States Attorney for said District, submits the following memorandum in support of Defendant's motion, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), to dismiss or transfer this action.

### I. INTRODUCTION

Plaintiff's Complaint states that he was subjected to age discrimination when he was not selected for promotion and that he was subject to an unjustified reprimand on his 7B Card. Complaint ¶¶5,6.

Defendant contends that plaintiff's Complaint fails to establish proper venue in the District of Maryland and moves to dismiss or to transfer this action to Washington, D.C. pursuant to 28 U.S.C. § 1406(a).

## II. FACTS

Plaintiff alleges that he was subject to age discrimination while he was employed by the Government Printing Office, located in Washington, DC Complaint ¶2. At all times relevant to these allegations, plaintiff worked in Washington, DC. Exhibit 1, Affidavit of Michael Pitzer, ¶ 1. The records of the personnel decision that plaintiff alleges were discriminatory are maintained at the Government Printing Office's main office in Washington, DC. Exhibit 1, Affidavit of Michael Pitzer, ¶ 4. The plaintiff's relevant employment records are maintained and administered in Washington, DC. Exhibit 1, Affidavit of Michael Pitzer, ¶ 4. Plaintiff does not allege that he was denied employment in Maryland because of the allegedly unlawful employment practices. Finally, the Government Printing Office's principal office is located in Washington, DC.

## III. ARGUMENT

In summary, the Court should dismiss or transfer plaintiff's Complaint because the District of Maryland is not the proper venue for his Complaint.

### A. Venue is not Proper in the District of Maryland

This Complaint arises from claims under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. However, contrary to plaintiff's complaint, venue in Maryland is not appropriate under 42 U.S.C. 2000e-5(f)(3).

Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in one of four judicial districts. Specifically, the statute provides that a Title VII action may be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such

2

district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). In a situation in which the defendant cannot be brought before the court in any of (1)-(3) above, and only in that instance, venue will be proper where defendant's principal office is located. This statutory scheme reflects "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination."

When an objection to venue has been raised under Fed. R. Civ. P. 12(b)(3), it is the plaintiff's burden to establish that venue is proper in the judicial district in which the action was brought. Safeco Ins. Co. of America v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984) (Young, J.).

In the instant case, Maryland does not meet the conditions for venue under the specific Title VII venue statute. First, the alleged unlawful employment practices – i.e., the decision not to select plaintiff for the promotion in question and the verbal reprimand occurred in 2004 at the Government Printing Office located in Washington, DC. Complaint ¶ 4. See also, Exhibit 1, Affidavit of Michael Pitzer, ¶ 2. Plaintiff does not claim otherwise.

Second, plaintiff's Official Personnel Folder (including his 7B Card) are not maintained and administered in Maryland, but in Washington, DC. Exhibit 1, Affidavit of Michael Pitzer, ¶ 4. Moreover, records of the personnel decisions surrounding the promotion at issue in this case as well as the verbal reprimand are maintained in Washington DC at the Government Printing Office, specifically, in the Human Capital Office of the Government Printing Office. Exhibit 1, Affidavit of Michael Pitzer, ¶ 4. Plaintiff does not claim otherwise.

Third, Washington, DC is the district in which plaintiff would have worked but for the alleged unlawful employment practices. Exhibit 1, Affidavit of Michael Pitzer, ¶ 3. Plaintiff does

3

not claim otherwise, and, in fact, had he been selected for the Electrician Leader position within the Electrical Branch of GPO's Facilities Division, Engineering Services, he still would have worked in the Government Printing Office's main office located at 732 North Capitol Street, NW, Washington, DC, 20401. Exhibit 1, Affidavit of Michael Pitzer, ¶ 3.

Indeed, the <u>only</u> connection that this case has to Maryland is that plaintiff currently resides in White Plains, Maryland. Complaint ¶1. Plaintiff's residence, however, is plainly <u>not</u> a factor under § 2000e-5(f)(3). E.g., Benton v. England, 222 F. Supp.2d 728, 731 (D. Md. 2002) (Chasanow, J.) ("plaintiff's place of residence is not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3). Maryland is therefore not an appropriate venue for the claims that Plaintiff has brought under Title VII . . . ."). Accordingly, venue does not properly lie in the District of Maryland.

Based on all of the above, it is clear that venue for plaintiff's Title VII claims is not proper in Maryland, and instead lies in the District of Columbia. A court may transfer a civil action to any district where the action could have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. 1404(a). The decision whether to transfer a case is committed to the sound discretion of the trial court. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993); Hayes v. RCA Service Co., 546 F. Supp. 661, 665 (D.D.C. 1982). In exercising this discretion, district courts have repeatedly held that the burden is on <u>the plaintiff</u> to show why transfer, rather than dismissal, would be in the interest of justice. Safeco Ins. Co. of America v. Miller, 591 F. Supp. at 597.

However, plaintiff may properly have brought this action in the District of Columbia, where the allegedly unlawful employment practices occurred, where the records surrounding the employment practices are maintained, and where plaintiff and defendant's witnesses are employed.

4

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Complaint should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

By: _____/s/_____
                Jennifer A. Wright
                Assistant United States Attorney
                Federal Bar No. 26465
                36 South Charles Street, 4th Floor
                Baltimore, MD 21201-2692
                (410) 209-4948 (phone)
                (410) 962-9947 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN T. MITCHELL, <br><br>    Plaintiff, <br><br> v. <br><br> BRUCE R. JAMES, Public Printer, <br> U.S. Government Printing Office <br><br>    Defendant. | Civil No. AW-06-0012 |

## Affidavit of Michael Pitzer

I, Michael Pitzer, Foreperson of the Electrical Branch, Facilities Division, U.S. Government Printing Office, located at 732 North Capitol Street NW., Washington, DC 20401, hereby declare that the following information is true and correct under the penalty of perjury:

    1.    At all times relevant to the allegations contained in his civil complaint, identified as Civil No. AW-06-0012, Mr. Mitchell worked in Washington, DC.

    2.    I was the selecting official for the Electrician Leader position identified in his complaint. I am also the supervisor who issued Mr. Mitchell his January 5, 2004, verbal warning. The decision not to select Mr. Mitchell for the Electrician Leader position and the verbal reprimand – complaints raised by Mr. Mitchell — both occurred in 2004 at the Government Printing Office located in Washington, DC.

    3.    The Electrician Leader position at issue was located at the agency's main office at 732 North Capitol Street NW., Washington, DC 20401. Had Mr. Mitchell been selected for the Electrician Leader position within the Electrical Branch of GPO's Facilities Division, he would have worked in the Government Printing Office's location in Washington, DC.

    4.    Records of the personnel decisions surrounding the promotion at issue in this case as well as the verbal reprimand are or were maintained in Washington, DC, at the GPO's main office, specifically, in the agency's Human Capital Office. These records include plaintiff's Official Personnel Folder and his 7B card.

IN WITNESS WHEREOF, I have signed on this __5__ day of April, 2006.

                                        *[signature]*
                                        MICHAEL PITZER
                                        Foreperson, Electrical Branch
                                        Facilities Division
                                        Engineering Services
                                        U.S. Government Printing Office

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN MITCHELL, | ) |
| Plaintiff, | ) |
| v. | )  Civil No. AW-06-0012 |
| BRUCE R. JAMES, Public Printer, U.S. Government Printing Office | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on April 11, 2006, I caused a copy of Defendant's Motion to Dismiss or To Transfer to be mailed first class, postage prepaid to:

John T. Mitchell
9875 Hope Acres Road
White Plains, Maryland 20695


April 11, 2006                    _____/s/_____
                                  Jennifer A. Wright
                                  Assistant United States Attorney